# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**QUANTREY BRYANT**                                                           **PETITIONER**

**v.**                                    **CIVIL ACTION NO. 3:18-CV-126-CWR-JCG**

**WARDEN C. NASH**                                                   **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed by Quantrey Bryant. Respondent Warden C. Nash filed a Response in Opposition (ECF No. 11). Having considered the submissions of the parties and the relevant legal authority, the undersigned United States Magistrate Judge recommends that the Petition be **dismissed**, as Bryant's disciplinary hearing complied with the requirements of due process.

## BACKGROUND

Petitioner Quantrey Bryant is currently incarcerated with the Federal Bureau of Prisons at the Federal Correctional Complex in Yazoo City, Mississippi (FCC Yazoo). His Petition challenges the loss of forty-one days of good conduct time, imposed as a sanction for possessing a hazardous tool in violation of Code 108 of the Inmate Disciplinary Code while he was at the Federal Correctional Institution in Talladega, Alabama (FCI Talladega). He argues that this sanction should be overturned as his disciplinary hearing did not comport with the requirements of due process.

Bryant is currently serving a 141-month sentence for conspiracy to commit

wire and mail fraud affecting a federally insured financial institution, conspiracy in connection with the acquisition of firearms, and felon in possession of a firearm. His scheduled release date is August 23, 2024. On February 26, 2017, while housed at FCI Talladega, officers found two SIM cards in the pocket of a shirt hanging in his cell's common area. He was issued an incident report for possession of a cell phone, with the notation "2 SIM cards" added (ECF No. 1-1). The report stated that Bryant was in violation of Code 108.

When Bryant received the report the following day, he was advised of his right to remain silent, but he stated that the SIM cards were his (ECF No. 11-3). After he appeared before the Unit Discipline Committee on March 1, 2017, he was referred to a Discipline Hearing Officer. He appeared before Discipline Hearing Officer E. Slater on March 6, 2017. After waiving his right to a staff representative and his right to call witnesses, Bryant again stated that the SIM cards were his. Based on Bryant's statement and the reports of the officers who searched his cell, Officer Slater found that the act was committed as charged; therefore, Bryant was sanctioned with the loss of forty-one days of good conduct time, as Officer Slater found that his acts "jeopardize the security of the institution and pose a threat to the ability of staff to provide for the safety and security of the staff, inmates, and general public as a whole" (ECF Nos. 1-1 & 11-1).

However, at the start of the hearing, Bryant also provided a written statement, in which he indicated that the incident report spelled his name incorrectly and included the incorrect inmate number for his cellmate. Bryant also

indicated that the charge was incorrect, as he was not in possession of a cell phone, just two SIM cards (ECF Nos. 1-1 & 11-1). Officer Slater noted the mistakes, finding that the charge should have been listed as "possession of a hazardous tool, not possession of a cell phone." However, he noted that the "prohibited act code of 108 is correct. These are typographical errors on the part of the report writer. This in no way affected your ability to provide a defense for the charge or your due process rights." Nevertheless, Bryant argues that his right to due process was violated because the charge was incorrect. He also states that Officer Slater was biased when she corrected the charge. Therefore, he asserts that his right to a fair hearing was prejudiced.

## ANALYSIS

A petitioner may attack the manner in which his sentence is being executed in the district court that has jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). Because Bryant is in custody at FCC Yazoo, which is in the Southern District of Mississippi, and because he is challenging the length of his detention through the loss of good-conduct credits, this Court has jurisdiction over his § 2241 Petition and venue is proper.

While a prisoner may have a protected liberty interest in accumulated good conduct credits, the revocation of those credits must comply with only "minimal procedural requirements." *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Only minimal procedural safeguards are required because "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full

3

panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Constitutional due process entitles a prisoner only to (1) written notice of the charges at least twenty-four hours in advance of the hearing, (2) an opportunity to call witnesses and present evidence in his defense "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," (3) the aid of a fellow inmate or a staff member in presenting a defense if the inmate is illiterate or the issues are complex, (4) an impartial tribunal, and (5) a written statement from the factfinders detailing the evidence relied upon and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-71.

Further, due process "demands only that there be 'some evidence' to support a disciplinary officer's decision." *Richards v. Dretke*, 394 F.3d 291, 294 (5th Cir. 2004) (citing *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455 (1985)). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent*, 472 U.S. at 455-56 (citations omitted). Finally, "[t]o be entitled to habeas relief based on a due process violation, the petitioner must show that [he] was prejudiced by the violation. *Walls v. Chapman*, 408 Fed. App'x 858, 859 (5th Cir. 2011) (citing *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997)).

Bryant is not challenging the evidence against him. He also waived the right

to call witnesses and have assistance at his disciplinary hearing, and there is no assertion that the written statement does not satisfy due process. Therefore, the only questions at issue are (1) whether Bryant received adequate notice of the charges against him, given the mischaracterization of the charge, and (2) was the hearing officer impartial.

With respect to the notice requirement, the notice must inform a prisoner of the charges and "enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. It is clear that Bryant had more than a day of notice—he received the incident report on February 27, 2017, but he did not have a hearing until March 6, 2017. Although the name of the charge was changed from possession of a cell phone to possession of a hazardous tool, the incident report made clear that the basis of the charge was Bryant's possession of two SIM cards. Because "*both* charges were based on the same facts and subject to the same defense . . . the notice adequately informed [Bryant] of the charge and enabled him to 'marshal the facts and prepare a defense.'" *Dixon v. Hastings*, 202 Fed. App'x 750, 752 (5th Cir. 2006) (quoting *Wolff*, 418 U.S. at 564)) (emphasis in original). Therefore, Bryant received constitutionally sufficient notice of the charges against him.

As to Officer Slater's impartiality, Bryant's argument primarily relies on Officer Slater's perceived non-compliance with the Inmate Program Statement. Bryant alleges that this statement required Officer Slater to (1) find that Bryant committed the act charged, (2) find that he did not commit the act charged, or (3) refer the incident report back for further investigation. Bryant alleges that Officer

Slater lost her impartiality when she took it upon herself to change the charge instead of making one of the above findings (ECF No. 1). However, a violation of prison regulations does not *per se* establish a constitutional violation that would entitle a prisoner to habeas relief. *Stiger v. Warden*, 389 Fed. App'x 337, 338 (5th Cir. 2010) (citing *Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989)). Because Bryant has not alleged that the hearing officer "was involved in the incident, the investigation, or the preparation of the Incident Report," he has not "alleged facts to indicate 'any pre-existing bias or opinion which would preclude [the decisionmaker] from making a fair, impartial, and informed decision." *Mercy v. Shults*, Civil Action No. 3:16-cv-893-TSL-RHW, 2019 WL 925465, at *2 (S.D. Miss. Jan. 18, 2019) (quoting *Morissey v. Brewer*, 408 U.S. 471, 486 (1972)) (alteration in original).

The hearing officer's decision that Bryant possessed the two SIM cards was based on Bryant's own statements and the evidence presented by other officers. Correcting the charge, without more, does not indicate bias; therefore, Bryant has not shown a due process violation on this issue. Additionally, given the fact that Bryant admitted to possessing the SIM cards, he has not shown how he was prejudiced by either alleged due process violation.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Quantrey Bryant's Petition for Writ of Habeas Corpus be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 19th day of April, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE